UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM MILLER,

    Plaintiff,

v.                                  Case No:   2:15-cv-732-FtM-29CM

ENVIRONMENTAL TURNKEY
SOLUTIONS, LLC and ANTHONY
M. CIALONE,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff William Miller's Opposed Motion to Compel Responses to First Set of Interrogatories and Requests for Production and Supporting Memorandum of Law ("Motion to Compel," Doc. 26) filed on August 23, 2016 and the Joint Motion to Extend Discovery Deadline and Incorporated Memorandum of Law ("Motion to Extend," Doc. 29) filed on November 9, 2016.  For the reasons that follow, Plaintiff's Motion to Compel is denied as moot, and the joint Motion to Extend is granted.

In support of his Motion to Compel, Plaintiff states that he served his First Set of Interrogatories and First Request for Production of Documents to Defendant Environmental Turnkey Solutions, LLC on May 27, 2016.  Doc. 26 at 1-2.  Despite granting Defendant numerous requests for extension of time to respond to the discovery requests, Defendant has failed to respond, thus pressing Plaintiff to file the his motion.  *Id.* at 2.

On September 6, 2016, Defendant filed its Response to Plaintiff's Motion to Compel. Doc. 28. Defendant admits that it was unable to provide full responses to Plaintiff's discovery requests before the final extension expired. *Id.* at 1. Defendant represents that since Plaintiff filed his motion, Defendant has served complete responses to the discovery requests. *Id.* at 1-2. The Court notes that Plaintiff has not moved to file a reply to rebut any of the statements made by Defendant. Thus, because Defendant already has responded to Plaintiff's discovery requests, the motion is moot.

In their Motion to Extend, the parties request an extension of the discovery deadline from December 9, 2016 to February 13, 2017. Doc. 29 at 1. If granted, the parties further propose that all other deadlines be extended accordingly, so that they have adequate time to prepare dispositive motions and prepare for trial. *Id.* at 2. District courts have broad discretion when managing their cases in order to ensure that the cases move to a timely and orderly conclusion. *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). Rule 16 requires a showing of good cause for modification of a court's scheduling order. Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F. 3d 1417, 1418 (11th Cir. 1998) (internal quotations and citations omitted). Here, the parties represent that they have been diligent in their pursuit of written discovery; however, despite their diligence, they have not been able to find mutually available dates on which to conduct depositions prior to the discovery deadline. *Id.*

at 2. In addition, given information obtained in discovery, they now believe that it is preferable to mediate the case prior to conducting over eight depositions, in order to increase efficiency in the litigation, and reduce fees and costs. *Id.* Based on these representations, the Court finds good cause to extend the discovery deadline to February 13, 2017 and the remaining deadlines by sixty days.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff William Miller's Opposed Motion to Compel Responses to First Set of Interrogatories and Requests for Production and Supporting Memorandum of Law (Doc. 26) is **DENIED as moot**.

2. Joint Motion to Extend Discovery Deadline and Incorporated Memorandum of Law (Doc. 29) is **GRANTED**. An amended Case Management and Scheduling Order will be entered under separate cover.

**DONE** and **ORDERED** in Fort Myers, Florida on this 14th day of November, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record