UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM MILLER,

    Plaintiff,

v.                                  Case No:   2:15-cv-732-FtM-29CM

ENVIRONMENTAL TURNKEY
SOLUTIONS, LLC and ANTHONY
M. CIALONE,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Opposed Motion to Compel Responses to Second Set of Interrogatories and Requests for Production and Supporting Memorandum of Law (Doc. 33) filed on November 29, 2016.  To date, Defendant has not filed a response and the time to do so has expired.  The motion, therefore, is ripe for review.  For the reasons that follow, the motion is due to be granted.

Plaintiff instituted this action on November 27, 2015 alleging violations of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"). Doc. 1.  On January 14, 2016, Defendants filed their Answer in which they also asserted five affirmative defenses.  Doc. 17.  As their third affirmative defense, Defendants claim that Plaintiff was exempt from the FLSA's minimum wage and overtime compensation under 29 U.S.C. § 213 because he was employed in an executive or administrative capacity, or a combination of the two.  *Id.* at 5.

On October 5, 2016, Plaintiff served his Second Set of Interrogatories and Second Request for Production of Documents to Defendant Environmental Turnkey Solutions, LLC ("Defendant") aimed at securing information and documents relating to Defendant's claims as raised in its Answer. Docs. 33-1; 33-2. In the Second Set of Interrogatories, Plaintiff lists one interrogatory, which requests that Defendant

> [i]dentify any and all individuals Plaintiff is alleged to have supervised while employed by Defendant, including the dates he supervised such individuals, the individuals' job titles, status as exempt employees, non-exempt employees or contractors, rate of pay, and whether the employee(s) was/were paid hourly or paid a weekly salary.

Doc. 33-1 at 10. Similarly, the Second Request for Production of Documents requests Defendant's communications with its payroll company or any other payroll administrator relating to Plaintiff's treatment as exempt or non-exempt employee, its contracts or agreements with any payroll companies during Plaintiff's employment, and other documents evidencing that Plaintiff hired, fired, disciplined, or set schedules or rates of pay for any of Defendant's employees. Doc. 33-2 at 7-8. Plaintiff's counsel states that she has followed up with Defendant's counsel through several emails, including but not limited to emails on November 11, 2016, November 14, 2016, and November 28, 2016, but has not received a response. Doc. 33 at 2.

The trial court has discretion whether to grant a motion to compel. *Commercial Union Insurance Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). Rule 34 of the Federal Rules of Civil Procedure sets forth the procedures for obtaining access to documents and things within the control of the opposing party. Fed. R. Civ.

P. 34. Rule 34(a) allows a party to serve on any other party a request within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Rule 26(b) permits discovery

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery, in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Relevancy is determined based on the "tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action." Fed. R. Evid. 401. A request for production must state "with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). The party to whom the request is directed must respond within thirty days after being served, and "for each item or category, . . . must state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2). Furthermore, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). When a party fails to produce documents as requested under Rule 34, the party seeking the discovery may move to compel the discovery. Fed. R. Civ. P. 37(a)(3)(B)(iv). Here, based on the review of the Second Request for Production of Documents and Defendant's affirmative defenses, the Court is satisfied that the requested documents are relevant to Defendant's affirmative defenses, and proportional to the needs of the case. Because Defendant has failed to

produce the documents as requested under Rule 34, the Court will compel that it does so within fourteen days from the date of this Order.

  Rule 33 of the Federal Rules of Civil Procedure allows a party to serve on another party written interrogatories that relate to "any matter that may be inquired into under Rule 26(b)" as outlined above. Fed. R. Civ. P. 33(a). A written response or objection to an interrogatory is due within thirty days after the service. Fed. R. Civ. P. 33(b)(2). An objection is waived if not made timely "unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(3). A party objecting to an interrogatory must state "with specificity" the grounds for such objection. Fed. R. Civ. P. 33(b)(4). Furthermore, "[a] party resisting discovery must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive. . ." *Panola Land Buyer's Assn. v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). An evasive or incomplete answer or response must be treated as a failure to answer or respond. Fed. R. Civ. P. 37(a)(4). When a party fails to answer an interrogatory, the party seeking the discovery may move to compel the response. Fed. R. Civ. P. 37(a)(3)(B)(iii). Here, based on the review of the Second Set of Interrogatories and Defendant's affirmative defenses, the Court is satisfied that the sole interrogatory that was served is relevant to Defendant's affirmative defenses, and proportional to the needs of the case. Because Defendant has failed to answer the interrogatory, the Court will compel that it does so within fourteen days from the date of this Order.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Opposed Motion to Compel Responses to Second Set of Interrogatories and Requests for Production and Supporting Memorandum of Law (Doc. 33) is **GRANTED**.

2. Defendant Environmental Turnkey Solutions, LLC shall have **up to and including January 10, 2017** to produce appropriate responses and documents to Plaintiff's Second Set of Interrogatories (Doc. 33-1) and Plaintiff's Second Request for Production of Documents (Doc. 33-2).

**DONE** and **ORDERED** in Fort Myers, Florida on this 27th day of December, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record